ADVOCATES FOR FAITH AND FREEDOM
Robert H. Tyler, CA Bar No. 179572
Jennifer L. Monk, CA Bar No. 245512
24910 Las Brisas Road, Suite 110
Murrieta, CA 92562
Telephone: (951) 304-7583
Facsimile: (951) 600-4996
jmonk@faith-freedom.com
rtyler@faith-freedom.com

AMERICAN CENTER FOR LAW & JUSTICE
Francis J. Manion, KY Bar No. 89063
Geoffrey R. Surtees, KY Bar No. 85594
6375 New Hope Road
New Hope, KY 40052
Telephone: (502) 549-7020
Facsimile: (502) 549-5252
fmanion@aol.com
gsurtees@aclj.org

Attorneys for Plaintiffs
MINDY BARLOW and DALIA R. SMITH

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDY BARLOW and DALIA R. SMITH;<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO; MICHAEL RODDY, individually and in his official capacity as the Executive Officer of the Superior Court of California, County of San Diego; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No.: '07 CV 1926 LAB (LSP)<br><br>Dept: TBA<br>Judge: TBA<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES<br><br>Filing Date: October , 2007<br>Trial Date: None set |

FILED 07 OCT -2 PM 2:11
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## INTRODUCTION

Plaintiffs, Mindy Barlow and Dalia R. Smith, sue Defendants for violating their federal and state constitutional rights by denying them access to court facilities in order to hold a weekly Bible study.

## JURISDICTION

1. This civil rights action under 42 U.S.C. § 1983 raises federal claims under the First and Fourteenth Amendments to the United States Constitution and state claims under Article 1, §§ 2, 4, and 7 of the California Constitution.

2. This Court has original jurisdiction over the federal law claims by operation of 28 U.S.C. §§ 1331 and 1343 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has authority to issue the requested injunctive relief under 28 U.S.C. § 1343; the requested declaratory relief under 28 U.S.C. §§ 2201-02; the requested damages under 28 U.S.C. § 1343; and costs and attorneys' fees under 42 U.S.C. § 1988(b) and under Cal. C.C.P. §1021.5.

## VENUE

4. Under 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of California because a substantial part of the events giving rise to the claim occurred within the District.

## IDENTIFICATION OF THE PLAINTIFFS

5. Mindy Barlow is a court reporter employed by the Superior Court of California, County of San Diego division. At all times relevant to this action, she has been a resident of La Mesa, San Diego County, California.

6. Dalia R. Smith is a court reporter employed by the Superior Court of California, County of San Diego division. At all times relevant to this action, she has been a resident of Murrieta, Riverside County, California.

///

///

## IDENTIFICATION OF THE DEFENDANTS

7. Superior Court of California, County of San Diego is a division of the government of the State of California.

8. Michael Roddy is the Executive Officer of the Superior Court of California, County of San Diego and is sued in his individual and official capacity.

9. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of defendants Does 1 through 20 inclusive, and each of them, are unknown to the Plaintiffs who, therefore, sue them by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of Does 1 through 20 when they have discovered them. Plaintiffs allege that, at all times mentioned herein, all of the Defendants acted or participated in some manner in the acts alleged herein, and in some way caused and are responsible for Plaintiffs' damages. All references to the named Defendants shall include, without limitation, Does 1 through 20 inclusive.

## FACTUAL ALLEGATIONS

### Initial Use of Courthouse Facilities For A Bible Study

10. Sometime during the year 2000, Steve Thunberg, then Executive Director of the Superior Court of California, County of San Diego, gave permission to Dodie Sandoval, a clerk to Judge LaVoy, to hold a Bible study over the lunch hour in an available jury room or courtroom.

11. This Bible study met regularly in an available jury room during the lunch hour each week between the year 2000 and April of 2006. Plaintiffs are and were participants of this Bible study.

12. Sometime in the month of April, 2006, a Deputy Sheriff informed Plaintiff Barlow that individuals without keycard access were not allowed entrance to the back hallways where the jury rooms are located. Members of the Bible study then inquired about the use of a courtroom, and were informed by Court administration that Court policy did not allow Bible studies in courthouse facilities because of a concern regarding the "separation of church and state."

13. The Bible study has not reconvened in any jury or court room since.

///

## The Development of the Court's "Policy"

14. In May, 2006, Plaintiff Barlow received an email from then Assistant Executive Officer Ray Sorensen ("Sorenson"), again informing her that having the Bible study meet in any court room was contrary to "Court Policy."

15. Upon a search of the Personnel Rules of the Superior Court of California, County of San Diego, Plaintiff Barlow found no policy prohibiting the Bible study from meeting as of May 30, 2006.

16. On June 2, 2006, Sorensen approached Plaintiff Barlow in her courtroom and informed her that the Legal Department was looking into the issue in depth.

17. Several months later, on September 29, 2006, Sorensen emailed Plaintiff Barlow to let her know that the Court was in the process of writing a policy that would cover the issue of "nonbusiness use" of the court facilities. A copy of the Court policy is attached as Exhibit "A".

18. On November 13, 2006, the San Diego Superior Courts adopted Administrative Policy, Use of Court Facilities ("AP") 4.6.

19. Under AP 4.6.II.B, court employees are permitted to use "court facilities" (including "any open room, chambers, or area within a building in which court business is conducted") for celebrations of "personal milestones commonly celebrated in the workplace such as birthday parties, baby or wedding showers, and retirement celebrations . . ."

20. Under AP 4.6.II.C, anyone seeking to use a "court facility" for any other purpose must be granted permission after submitting a written request.

21. Under AP 4.6.II.C.1, all such requests are evaluated by the Assistant Executive Officer according to the following factors:

(a) Protection of the integrity of the judicial process, including public trust and confidence in the impartiality, lack of bias or discrimination, and fairness of the judicial system;

(b) Safety and security of the people and property within the courthouse and its perimeter;

(c) Whether the program or service advances the administration of justice and is useful to a significant number of litigants;

(d) Whether the program imposes any potential costs or liability on the court;

(e) Whether the program or service offered is conducted for profit; and

(f) Whether constitutional, statutory, or other legal requirements prohibit the court from granting use of its facilities.

22. Nothing in AP 4.6 actually circumscribes the absolutely "discretionary" (according to 4.6.II.A) approval of the Assistant Executive Officer, as nothing in the evaluative factors will disqualify (or allow) a request of its own accord.

### The Court Prohibits the Bible Study under Its Discretionary Policy

23. On or around November 13, 2006, Plaintiff Barlow submitted a written request to hold the Bible study during her lunch hour in an open jury room.

24. On January 25, 2007, the then new Assistant Executive Officer, Stephen Cascioppo, summoned Plaintiff Barlow into his office and told her that her request had been denied on the grounds of separation of church and state and AP 4.6.II.C.1(f).

25. Former Assistant Executive Officer, Stephen Cascioppo, followed up with a written denial letter dated February 1, 2007, that gave no specific reason, but generally referenced AP 4.6 (attached hereto as Exhibit "B").

26. On February 26, 2007, Plaintiff Barlow wrote a letter to Stephen Cascioppo requesting reconsideration of the Administration's position (attached hereto as Exhibit "C").

27. Stephen Cascioppo responded in a letter dated March 14, 2007 (attached hereto as Exhibit "D"), changing his reasoning as of January 25, 2007, and stating that the reasons for denying the Bible Study use of any courthouse facility (and the reasons against permitting any "religious use of court premises" whatsoever, for that matter) were as follows:

   a. "First, the premises of the court are not public, and the court does not wish to open them up generally to public activities. This would be required in order to ensure public trust and confidence in the impartiality, lack of bias or discrimination and fairness of the judicial system."

   b. "Second, the proposed use does not advance the administration of justice, and is not useful to a significant number of litigants. The premises are better preserved for the uses for which the property has been lawfully dedicated."

      c. "Finally, the request may impose high potential costs or liability on the court."

## The Purpose of the Bible Study

28. Approximately twelve court employees regularly attended the Bible Study during the six years of its permitted and unquestioned existence.

29. The Bible study provides valuable encouragement and spiritual fulfillment to its participants. The participants believe that gathering together for discussion, Bible study, worship, and fellowship is an important component to their religious beliefs and is a biblical mandate.

30. When gathering together, the participants of the Bible study, who gather together of their own volition and without solicitation or advertisement, discuss social, cultural, and political issues from a biblical perspective. Additionally, the participants discuss healthy living, lifestyle choices, and physical, mental, and spiritual health from a biblical perspective.

## Use of Courthouse Facilities

31. Plaintiffs are informed and believe that, during the time relevant to this action, the Defendants have allowed Weight Watchers to meet weekly in court facilities. Weight Watchers is a public organization and does not advance the administration of justice.

32. Plaintiffs are informed and believe that, during the time relevant to this action, the Defendants have allowed the Boy Scouts of America to meet occasionally in court facilities. The Boy Scouts of America is both a public organization and does not advance the administration of justice.

33. Plaintiffs are informed and believe that, during the time relevant to this action, the Defendants have allowed other organizations to meet or hold non-court related events within court facilities.

34. Plaintiffs are informed and believe that, during the time relevant to this action, the Defendants have allowed members of the public, as well as employees, to participate and hold events within the court facilities.

## ALLEGATIONS OF LAW

35. All alleged acts of the Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color

and pretense of state law, including the statutes, regulations, customs, policies and usages of the State of California.

36. Unless and until the enforcement of the Defendant's current Policy is enjoined, the Plaintiffs will continue to suffer irreparable harm to their federal and state constitutional rights.

37. The irreparable harm to the Plaintiffs' constitutional rights is a direct result of a policy, ordinance, regulation, or decision officially adopted and promulgated by the Superior Court of California, County of San Diego.

## CLAIMS FOR RELIEF

I. **FIRST CLAIM: VIOLATION OF FREE SPEECH RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.**

38. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

39. The Defendants intentionally made court facilities generally available to the public, or a large segment of the public, and to employees for a broad range of expressive conduct that is fully protected by the First Amendment.

40. The use of the courthouse facilities for expressive speech and free association for First Amendment purposes is an important government benefit.

41. AP 4.6 and Defendants' enforcement thereof:
   a. singles out religious speech for discriminatory treatment;
   b. conditions access to generally available public facilities on the content of the applicant's speech;
   c. discriminates against speech on the basis of the speaker's viewpoint;
   d. fails to articulate sufficiently clear standards and is therefore unconstitutionally vague;
   e. restrains constitutionally-protected speech in advance of its expression, with virtually no guidelines or standards to guide the discretion of courthouse officials charged with enforcing the policy;
   f. fails to provide any time restrictions for approving or denying a request to use court facilities, or guaranteeing an applicant prompt judicial review; and

g. chills free speech of religious groups and organizations subject to the facility use policies.

42. The Defendants have no compelling reason that would justify their prohibition of Bible study participants from accessing court facilities generally available to the public and court employees solely on the basis of the religious beliefs, speech, and conduct of the Bible study and its participants.

43. The Superior Court of California, County of San Diego's AP 4.6 and the Defendants' enforcement thereof therefore violate the Free Speech Clause of the First Amendment to the United States Constitution.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth in the prayer for relief.

## II. SECOND CLAIM: VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.

44. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

45. The Defendants' AP 4.6 is neither facially neutral nor generally applicable in respect to religion.

46. The Defendants' enforcement of AP 4.6 selectively imposes a burden on access to court facilities generally available to the public and court employees based upon the religious or non-religious nature of the applicant's beliefs, speech, and conduct.

47. The Defendants have no rational or compelling reason to prohibit the Bible study participants, or any other religious organization or group, from having access to court facilities solely on the basis of the group's religious beliefs, speech, and conduct.

48. AP 4.6 and the Defendants' enforcement thereof therefore violate the Free Exercise Clause of the First Amendment to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth in the prayer for relief.

## III. THIRD CLAIM: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

49. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

50. Under AP 4.6 and generally, Defendants have allowed other groups and organizations to meet and/or hold events in court facilities generally available to the public and court employees, while not allowing the Bible study and its participants, the Plaintiffs, to use court facilities.

51. The Defendants' enforcement of AP 4.6 treats the Church disparately when compared to other similarly-situated non-religious entities.

52. Defendants have no rational or compelling reason that would justify their policy prohibiting the Bible study and its participants from accessing court facilities solely on the basis of the religious beliefs, speech, and conduct of the Bible study and its participants.

53. AP 4.6 and the Defendants' enforcement thereof therefore violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth in the prayer for relief.

## IV. FOURTH CLAIM: VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

54. The Plaintiffs incorporate herein by reference paragraphs 1 through 31 of this Complaint and further allege as follows:

55. AP 4.6 is vague and lacks sufficient objective standards to cabin the discretion of the Assistant Executive Officer, which allows Defendants to enforce the policy in an *ad hoc* and discriminatory manner.

56. The Defendants have no rational or compelling reason that would justify their policy prohibiting Plaintiffs use of court facilities while allowing other secular groups and organizations to use the court facilities. Further, the Defendants have no rational or compelling reason that would justify their policy prohibiting Plaintiffs use of court facilities where the denial

is based solely on the basis of the religious beliefs, speech, and conduct of the Bible study and its participants.

57. AP 4.6 and the Defendants' enforcement thereof therefore violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## V. FIFTH CLAIM: VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.

58. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

59. AP 4.6 and the Defendants' enforcement thereof are hostile toward religion and favors irreligion over religion.

60. AP 4.6 and the Defendants' enforcement thereof treat the Bible study and its participants as second-class citizens of the community because of their protected religious expression, beliefs, and conduct.

61. The Defendants' denial of equal access to an important government benefit in the form of access to this forum conveys a governmental message that the Bible study and its members are outsiders and not full members of the community.

62. The Defendants therefore violate the Establishment Clause of the First Amendment to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## VI. SIXTH CLAIM: VIOLATION OF THE FREEDOM OF SPEECH UNDER THE CALIFORNIA STATE CONSTITUTION ARTICLE 1, § 2.

63. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

64. AP 4.6 and the Defendants' enforcement thereof discriminate against Plaintiffs'

free expression of ideas, values, thoughts, viewpoints and opinions by:

    a. singling out religious organizations for discriminatory treatment;

    b. conditioning access to court facilities on the content of the applicant's expression;

    c. discriminating against speech on the basis of the speaker's viewpoint;

    d. fails to articulate sufficiently clear standards and is therefore unconstitutionally vague;

    e. restraining constitutionally-protected speech in advance of its expression, with virtually no guidelines or standards to guide the discretion of courthouse officials charged with enforcing the policy;

    f. failing to provide any time restrictions for approving or denying a request to use court facilities, or guaranteeing an applicant prompt judicial review; and

    g. chilling the free speech and free exercise of religion by the Church and other organizations subject to the facility use policies.

65. The Defendants have no compelling reason that would justify their prohibition of Plaintiffs from accessing court facilities generally available to the public and court employees solely on the basis of the religious beliefs, speech, and conduct of the Bible study and its participants.

66. AP 4.6 and the Defendants' enforcement thereof therefore violate Article 1, § 2 of the California State Constitution.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## VII. SEVENTH CLAIM: VIOLATION OF THE RIGHT TO FREE EXERCISE OF RELIGION UNDER THE CALIFORNIA STATE CONSTITUTION, ARTICLE 1, §4.

67. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

68. Pursuant to the California State Constitution, Article 1, § 4, the free exercise of religion is a guaranteed right and shall not be subject to discrimination or preference by the

Complaint

1 | government.

69. AP 4.6, as interpreted and enforced by the Defendants, substantially burdens the Bible study participants' free exercise of religion because it:

    a. singles out religious groups and organizations for discriminatory treatment;

    b. conditions access to court facilities on whether the applicant intends to engage in religious speech; and

    c. discriminates against the Plaintiffs on the basis of their viewpoint on civic, moral, social, and other matters.

70. The Defendants have no rational or compelling reason that would justify their policy prohibiting Plaintiffs access to court facilities.

71. AP 4.6 and the Defendants' enforcement thereof therefore violate the guarantee to the free exercise of religion under the California State Constitution, Article 1, §4.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## VIII. EIGHTH CLAIM: VIOLATION OF THE RIGHT OF DUE PROCESS OF LAW AND EQUAL PROTECTION UNDER THE LAW UNDER THE CALIFORNIA STATE CONSTITUTION, ARTICLE 1, §7.

72. The Plaintiffs re-allege and incorporate herein by reference each foregoing paragraph and further allege as follows:

73. AP 4.6 is vague and lacks sufficient objective standards to cabin the discretion of City officials, which allows the Defendants to enforce the policy in an *ad hoc* and discriminatory manner.

74. The Defendants have no rational or compelling reason that would justify their policy prohibiting Plaintiffs use of court facilities while allowing other secular groups or organizations to use the court facilities. Further, the Defendants have no rational or compelling reason that would justify their policy prohibiting Plaintiffs use of court facilities where the denial is based solely on the basis of the religious beliefs, speech, and conduct of the Bible study and its participants.

75. AP 4.6 and the Defendants' enforcement thereof therefore violate the California

State Constitution, Article 1, §7.

WHEREFORE, the Plaintiffs respectfully pray that the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a. That this Court permanently enjoin the enforcement of AP 4.6 to the extent that it discriminates on the religious content or viewpoint of speech;

b. That this Court enjoin the enforcement of AP 4.6 to the extent that it prohibits Plaintiffs from using the jury room for a Bible study;

c. That this Court enter a declaratory judgment stating that AP 4.6 is facially unconstitutional and violates the Plaintiffs' rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution and Article 1, §§ 2, 4 and 7 of the California State Constitution;

d. If AP 4.6 is not declared facially unconstitutional, that this Court enter a declaratory judgment stating that AP 4.6, as applied to the Plaintiffs, is unconstitutional and violates the Plaintiffs' rights guaranteed under the First and Fourteenth Amendments to the United States Constitution and Article 1, §§ 2, 4 and 7 of the California State Constitution;

e. Grant Plaintiffs an award of nominal damages against the defendants;

f. That this Court award the Plaintiffs' costs and expenses of this action, including a reasonable attorneys fee award, in accordance with 42 U.S.C. § 1988, Cal. C.C.P. § 1021.5 and other applicable law;

g. That this Court grant such other and further relief as the Court deems equitable, just, and proper;

h. That this Court adjudge, decree and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declarations shall have the force and effect of final judgment; and

///

i. That this Court retain jurisdiction of this matter as necessary to enforce the Court's orders.

DATED: October 2, 2007         ADVOCATES FOR FAITH AND FREEDOM

By: _____
Jennifer L. Monk
Attorney for Plaintiffs
MINDY BARLOW and DALIA R. SMITH

# CIVIL COVER SHEET

JS-44 (Rev. 07-89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**
07 OCT -2 PM 2:12
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS:** Mindy Barlow and Dalia R. Smith

**DEFENDANTS:** Superior Court of California, County of San Diego, Sheila Roddy, and Does 1 through 20, inclusive

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):**
Advocates for Faith and Freedom
24910 Las Brisas Rd, Suite 110
Murrieta, CA 92562
Telephone: (951) 304-7583

**ATTORNEYS (IF KNOWN):**

**'07 CV 1926 LAB (LSP)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C., Section 1983 - Violation of equal access under First Amendment

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

CIVIL RIGHTS: ☒ 440 Other Civil Rights

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1 Original Proceeding

**VII. REQUESTED IN COMPLAINT:**
DEMAND $ injunctive relief + nominal damages
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):

**DATE:** October 1, 2007

**SIGNATURE OF ATTORNEY OF RECORD:** [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

#143048   $350   1/b   10/2/07

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143048      - KD

October 02, 2007
14:05:10

**Civ Fil Non-Pris**
USAO #.: CIVIL FILING; 07CV1926
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC 2628

Total-> $350.00

FROM: CIVIL FILING
      BARLOW, ET AL V. SUPERIOR CT,
      ET AL